UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22961-CIV-O'SULLIVAN
[CONSENT]

PABLO BARBACHANO,

    Plaintiff,

v.

STANDARD CHARTERED BANK
INTERNATIONAL (AMERICAS)
LIMITED,
                              /

## ORDER

THIS MATTER is before the Court on the Plaintiff's Motion for Summary Judgment and Memorandum of Law of Summary Judgment on Counts One, Two, and Three (DE# 106, 7/2/13) and the Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (DE# 108, 7/2/13).  Having carefully reviewed the motions, responses, replies and evidence in the record, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment and Memorandum of Law of Summary Judgment on Counts One, Two, and Three (DE# 106, 7/2/13) is DENIED and the Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (DE# 108, 7/2/13) is GRANTED in part as to the plaintiff's statutory claim (Count I) and DENIED in part as more fully discussed below.

## PROCEDURAL BACKGROUND

The plaintiff, Pablo Barbachano ("Barbachano") filed his complaint alleging that the defendant, Standard Chartered Bank International (Americas) Limited ("SCBI" or "defendant"), "executed" certain "unauthorized" transactions in his "accounts." (DE# 3-1,

¶¶ 1,29).  In his complaint, the plaintiff asserts three claims against the defendant: 1) violations of Florida Statute § 517.301 (Count I); 2) breach of fiduciary duty (Count II); and 3) negligence (Count III).  The plaintiff seeks summary judgment on all three counts because the plaintiff claims that no genuine issue of material fact exists as to SCBI's alleged unauthorized purchase of the Fairfield Sentry Limited shares on July 9, 2008 in the Mirage Account (Rupa Trust).  Plaintiff's Motion pp. 7-8 (DE#   ).

SCBI filed its Amended Answer and Affirmative Defenses (DE# 27, pp. 9-11). In its cross motion for summary judgment, the defendant asserts that the defendant is entitled to summary judgment because the plaintiff has failed to join two necessary and indispensable parties – Standard Chartered Trust (Cayman) Ltd., formerly known as AMEX International Trust (Cayman) Ltd. (hereinafter "SC Trust"), and Standard Chartered Bank (Switzerland) S.A., formerly American Express Bank (Switzerland) S.A. (hereinafter "SCB Switzerland").  The defendant maintains that a "contracting party is the 'paradigm' of an indispensable party ... [and] that a trustee is an indispensable party to an action affecting the subject trust."  Defendant's Motion p. 1 (DE# 108, 7/2/13). SCBI also contends that because SCBI is not a party to the applicable account documents and did not execute the purchase of the alleged "unauthorized" transactions in question, that this Court should find that SCBI did not owe Barbachano a duty with respect to the Mirage Account to support his claims of breach of fiduciary duty and negligence.  Additionally, SCBI argues that the plaintiff ratified the alleged "unauthorized" transactions at issue.  Finally, the defendant contends that it is entitled to summary judgment on the Florida Statute § 517.301 claim (Count I - Unauthorized Trading) because the plaintiff cannot establish that any privity exists between himself

and SCBI. First, the plaintiff fails to plead his claim with the particularity required under Rule 9(b) of the Federal Rules of Civil Procedure. Second, the defendant maintains that "SCBI, as a non-party to the trust agreement and account documents that govern the account in which the alleged 'unauthorized transactions were made, owed no duty to Barbachano to support any claim of breach of fiduciary duty or negligence." Id. Third, "the relationship between SCBI, a bank, and Barbachano, its customer, was one at arms-length, and therefore, no fiduciary duty is imposed on SCBI as a matter of law." Id.

The account at issue, referred to herein as the "Mirage Account," was opened and maintained at SCB Switzerland in Geneva, Switzerland. A careful review of the filings and the record reveals that genuine issues of material fact exist that preclude entry of summary judgment in either party's favor on Counts II (breach of fiduciary duty) and III (negligence).

## FACTUAL BACKGROUND

Barbachano opened an investment account (CIF 15530), which was maintained by SCBI in Miami, Florida. That account was held in Barbachano's name and designated as an "individual" or "personal" account (hereinafter referred to as the "Personal Account"). The account at issue in this lawsuit, referred to as the Mirage Account, was opened and maintained by Mirage Investment Ltd., a personal investment company beneficially-owned by Barbachano, at SCB Switzerland (formerly known as American Express Bank (Switzerland) S.A.) in Geneva, Switzerland. Pursuant to the terms of the March 29, 1997 letter, a Trust Agreement ("Trust Agreement") was made between Barbachano as grantor, and AMEX International Trust (Cayman) Ltd now

known as Standard Chartered Trust (Cayman) Ltd. ("SC Trust"), as Trustee on September 5, 1997, which established the Rupa Trust.  In April 1997, Mirage executed with SCB Switzerland certain documents to open the Mirage Account, including the "Agreement to Open an Account for Legal Entities" entered July 4, 1997, and "General Business Conditions."  SCBI Stmt. Facts, ¶ 24.  The Trust Agreement provides for the administration of the Rupa Trust's assets by SC Trust, not SCBI: "The Trustee shall, during the term of the trust, hold, manage, invest and reinvest the trust fund . . . in such manner as the Grantor shall from time to time direct in writing."  Complaint, Ex. H (DE# 3-2, p. 16, ¶ 1.1); Barb. Stmt. Facts ¶ 33; SCBA Stmt. Facts ¶ 29.  The assets underlying the transactions at issue in this lawsuit were Rupa Trust assets and the transactions were executed in the Mirage Account.

The Trust Agreement provided:

> 1.1 <u>Management of Trust Fund</u>.  The Trustee shall, during the term of the trust, hold, manage, invest and reinvest the trust fund (except as provide [sic] for a Special Company" as defined hereinafter in Article 7) in such manner as the Grantor shall from time to time direct in writing ....

Trust Agreement (DE# 3-2 at 12-30)(DE# 3-3 at 10).

SCBI is not a signatory to any of the contracts regarding the Mirage Account or the Rupa Trust.

## DISCUSSION

### I. Standard of Review on Motion for Summary Judgment

The court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56( c), which states, in relevant part, as follows:

4

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The moving party bears the burden of meeting this exacting standard. Celotex Corp. v. Catrett, 477 U.S. 317, 322-323 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970). That is, "[t]he moving party bears 'the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323).

In assessing whether the moving party has satisfied this burden, the court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994); Sheckells v. Agv-Usa Corp., 987 F.2d 1532, 1534 (11th Cir. 1993); Browning v. Peyton, 918 F.2d 1516, 1520 (11th Cir. 1990); Clemons v. Dougherty County, Ga., 684 F.2d 1365, 1368 (11th Cir. 1982); Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)(per curiam). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Reich v. John Alden Life Ins. Co., 126 F.3d 1 (1st Cir. 1997). If the record presents factual issues, the court must deny the motion and proceed to trial. Adickes, 398 U.S. at 157; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

Despite these presumptions in favor of the non-moving party, the court must be mindful of the purpose of Rule 56 which is to eliminate the needless delay and expense to the parties and to the court occasioned by an unnecessary trial. Celotex, 477 U.S. at 322-323. Consequently, the non-moving party cannot merely rest upon his bare assertions, conclusory allegations, surmises or conjectures. Id. As the Supreme Court noted in Celotex,

> [T]he plain language of Rule 56( c) mandates the entry of summary judgment . . . against the party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which the party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

Id. at 322-323. Thus, the mere existence of a scintilla of evidence in support of the non-moving party's position is insufficient. There must be evidence on which the jury could reasonably find for the non-movant. Anderson, 477 U.S. at 251; Matsuchita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

## II.   Whether SC Trust and SCB Switzerland Are Required Parties under Rule 19(b)

The defendant argues that Barbachano has failed to join two necessary and indispensable parties – Standard Chartered Trust (Cayman) Ltd., formerly known as AMEX International Trust (Cayman) Ltd. (hereinafter "SC Trust") and Standard Chartered Bank (Switzerland) S.A., formerly American Express Bank (Switzerland) S.A. (hereinafter "SCB Switzerland").

Rule 19(a) of the Federal Rules of Civil Procedure provides as follows:

(a) Persons Required to Be Joined if Feasible.

> (1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
>> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>>
>> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>>
>>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>>
>>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1)(A)-(B). Courts deciding a motion to dismiss under Rule 12(b)(7) undergo a two-step inquiry. First, they decide whether an absent party is required in the case under Rule 19(a). See <u>Molinos Valle del Cibao v. Lama</u>, 633 F.3d 1330, 1344 (11th Cir. 2011). If the party is a required party, "the court must order that the person be made a party." FED. R. CIV. P. 19(a)(2). Second, if the parties cannot join the new party, the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b).

A party is "required" if "in [the] person's absence, the court cannot accord complete relief among existing parties." FED. R. CIV. P. 19(a)(1)(A). A party is also "required" if the party has an interest in the action and resolution of the action may either "as a practical matter impair or impede the person's ability to protect the interest"

or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." FED. R. CIV. P. 19(a)(1)(B); see Laker Airways, Inc. v. British Airways, PLC, 182 F.3d 843 (11th Cir. 1999)("A party is considered 'necessary' to the action if the court determines either that complete relief cannot be granted with the present parties or the absent party has an interest in the disposition of the current proceedings.")(citing FED. R. CIV. P. 19).  Although "courts have held that joint tortfeasors need not all be joined in one lawsuit," precedent in the Eleventh Circuit holds that "a joint tortfeasor will be considered a necessary party when the absent party 'emerges as an active participant' in the allegations made in the complaint that are 'critical to the disposition of the important issues in the litigation.'" Id. at 847-48 (citing Temple v. Synthes Corp., 498 U.S. 5, 7 (1990) and Haas v. Jefferson National Bank, 442 F.2d 394, 398 (5th Cir. 1971)).

The defendant contends that SCB Switzerland and SC Trust, the trustee of the Rupa Trust, are indispensable parties.  The general rule under Florida law is that "a trustee is an indispensable party to an action affecting the corpus or assets of the trust, without whom the action cannot proceed." See Loewer v. New York Life Ins. Co., 773 F. Supp. 1518, (M.D. Fla. 1991)(finding trustee who was not in existence at time of action was not indispensable)(citing First Nat'l Bank of Hollywood v. Broward Nat'l Bank of Fort Lauderdale, 265 So. 2d 377 (Fla. 4th DCA 1972)); Warshaw v. Local No. 415, Int'l Ladies' Garment Workers' Union, 325 F.2d 143, 145 (5th Cir. 1963)[1] (reversing

---

[1]The Eleventh Circuit in Bonner v. City of Prichard, 661 F. 2d 1206, 1207 (11th Cir. 1981) (en banc), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

8

summary judgment against defendants for failure to join the trustees who were indispensable parties). As trustee, SC Trust is an indispensable party. In addition to monetary damages, the plaintiff seeks "rescission of securities still owned by the Plaintiff ..." in his claim for violations of Florida's Security and Investor Protection Act, Section 517.301 *et seq.* of the Florida Statutes (Count I). The plaintiff seeks compensatory damages for his breach of fiduciary duty (Count II) and negligence (Count III) claims. The crux of the plaintiff's claims are that the subject transactions were made without written instructions by or notice to Barbachano, and without his consent or authorization. Any claim relating to the alleged "unauthorized" transactions in the Mirage Account must arise from rights, duties and obligations of Mirage, SC Trust, and SCB Switzerland under the Trust Agreement and Mirage Agreements and implicate the Rupa Trust assets administered by SC Trust. The Court finds that SCB Switzerland and SC Trust are indispensable parties and should be joined, if feasible.

     SCBI contends that this Court lacks personal jurisdiction over SCB Switzerland and SC Trust. "The determination of whether a court has personal jurisdiction over a nonresident party involves a two-party analysis." Tracfone Wireless, Inc. v. US/Intelicom, 202 F.R.D. 321, 324 (S.D. Fla. 2001). "First, it must determine if jurisdiction exists under Florida's long-arm statute, [Fla. Stat.] § 48.193. Second, the Court must determine whether exercising jurisdiction over the defendants comports with the Due Process Clause." Id. Neither portion of the two-part analysis is satisfied. SC Trust and SCB Switzerland are not subject to personal jurisdiction because they are not "engaged in substantial and not isolated activity within [Florida]" and neither entity "breach[ed] a contract in Florida by failing to perform acts required by the contract to be

9

performed in Florida, or by operating, conducting or carrying on a business venture in Florida." JMA, Inc. v. Biotronik SE & Co., KG, 2013 WL 1402322, at *2, 3 (S.D. Fla. Apr. 5, 2013).

Barbachano was a resident and citizen of Mexico. The Rupa Trust was administered in the Cayman Islands, where SC Trust, at all times relevant to this action, maintained its principal place of business. Vesey Limited, Mirage's sole director at all times material to this action, maintained its principal place of business in the Cayman Islands and acted in relation to any transactions or engagements on behalf of Mirage. The Mirage Account was opened at, and maintained by, SCB Switzerland, which, at all times relevant to this action, maintained its principal place of business in Switzerland. The assets of the Rupa Trust underlying the transactions at issue were executed and maintained in the Mirage Account. No act or activities were conducted by SC Trust or SCB Switzerland in the State of Florida to cause the losses or damages that stem from the alleged "unauthorized" transactions in the Mirage Account. Neither SC Trust nor SCB Switzerland "purposefully avail[ed] itself of the privilege of conducting activities within" the State of Florida to render constitutional any exercise of personal jurisdiction over SC Trust and SCB Switzerland. Sun Bank, N.A. v. E.F. Hutton & Co., 926 F.2d 1030, 1033 (11th Cir. 1991). Because this Court lacks personal jurisdiction over SC Trust and SCB Switzerland, joinder is not feasible.

The next step is to determine whether "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b). Without addressing this step, SCBI simply concludes that the action should be dismissed because SC Trust and SCB Switzerland are indispensable parties and the

Court lacks personal jurisdiction over them. Here, the statutory, breach of fiduciary duty and negligence claims are directed against a single defendant, SCBI, a domestic bank with an office in Miami, by Barbachano, a Mexican resident and citizen.  If Barbachano tried to assert these claims against SCBI in either the Cayman Islands or Switzerland, he would face the same problem of lack of personal jurisdiction over SCBI in those foreign courts. The claims arise out of SCBI's conduct that occurred in Florida.  Any claims that Barbachano may have against SCBI should proceed here.  SCBI is not a party to either the Mirage Agreements or the Trust Agreement.  Barbachano's statutory claim, breach of fiduciary duty claim and negligence claim are independent of the contractual duties, rights and defenses that Barbachano has under those agreements. In his response, Barbachano maintains that he "is not requesting any relief that would deplete the trust's assets or invalidate the trust, instead, Barbachano sues to recover compensatory damages from Defendant's negligence."  Response p. 5 (DE# 120, 8/5/13).  If Barbachano can prove that liability exists against SCBI independent of the Mirage Agreements or the Trust Agreement, then this Court can fashion relief between the existing parties with compensatory damages.  Thus, equity and good conscience require this Court to allow the action to proceed against SCBI.

### III.     Defendant Is Entitled to Summary Judgment on Plaintiff's Count I (Violations of Section 517.301, et seq., Florida Statutes)

In Count I of the Complaint, the plaintiff asserts a claim for unauthorized trading in violation of Section 517.301, Florida Statutes (the Florida Securities Investor Protection Act or "FSIPA").  "The Florida Supreme Court has held that to prevail on a claim made under the Florida Securities and Investor Protection Act, Sec. 517.211,

11

*Florida Statutes*, buyer/seller privity is required." Beltram v. Shackleford, Farrior, Stallings & Evans, 725 F. Supp. 499, 500 (M.D. Fla. 1989) (citing E.F. Hutton & Co. v. Rousseff, 537 So. 2d 978, 981 (Fla. 1989)). "The purpose of FSIPA is 'to protect the public from fraudulent and deceptive practices in the sale and marketing of securities.'" Rushing v. Wells Fargo Bank, N.A., 752 F. Supp. 2d 1254, 1260-61 (M.D. Fla. 2010)(quoting Arthur Young & Co. v. Mariner Corp., 630 So. 2d 1199, 1203 (Fla. 4th DCA 1994) (citations omitted)). In Rushing, the court granted the bank's motion to dismiss the plaintiff's FSIPA claim. Id. (noting that the plaintiff failed to cite any case law that imposes FSIPA liability due to a buyer's agent giving the buyer improper investment advice). Barbachano contends that Rushing is distinguishable because the court only addressed whether the plaintiff stated a cause of action under the statute. Barbachano claims that unlike Rushing, Barbachano "has asserted specific allegations regarding the fraudulent nature of the investments." Response p. 18 (DE# 120, 8/5/13). Barbachano relies on In re Sahlen & Associates, Inc. Securities Litigation, 773 F. Supp. 342, 371 (S.D. Fla. 1991). In In re Sahlen & Associates, the court held that "a plaintiff may recover under §517.211 from either (1) his seller, who he is in privity with, as well as (2) any officer, director, partner or agent of such a seller who has solicited the sale of the securities on his own behalf or on behalf of the seller." Id. In a footnote, the court explained that "[o]ne can be liable as a 'seller' or an 'agent' of the seller under Florida law if he in some way solicits the sale of securities." Id. n.40 (citing Beltram, 725 F. Supp. at 500; other citation omitted). In Beltram, the court found that "[t]here has been no showing that the Defendant solicited the subject sale of securities for its financial gain. The Court finds that, as a matter of law, Defendant [was] not a seller of the

securities at issue, or an agent of the seller" and granted summary judgment in favor of the defendant. Beltram, 725 F. Supp. at 500.

Barbachano, in his individual capacity, did not purchase the investments at issue. Rather, those investments were purchased in the Mirage Account by SC Trust (or its nominee, Vessey) as the Trustee of the Rupa Trust. Mirage (or much less, Barbachano) did not buy any securities from SCBI. No buyer/seller privity exists between Barbachano and SCBI regarding the subject transactions. See Rousseff, 537 So. 2d at 981 (The Supreme Court of Florida explained that "[b]uyer/seller privity is required" under Section 571.301, Florida Statutes unlike federal law). There is no allegation and no evidence that SCBI was involved in any underlying "fraud" with respect to any of the transactions at issue. Barbachano does not allege and no evidence exists that SCBI was an "agent" of the sellers of the underlying investments at issue, including Fairfield Sentry. Because there is no buyer/seller privity, SCBI is entitled to judgment as a matter of law on Barbachano's FSIPA claim (Count I).

### IV. Ratification Is a Question of Fact That Precludes Summary Judgment

The Eleventh Circuit has found that ratification "'is an intentional act.'" Harbaugh v. Greslin, Case No. 03-61674-CIV-JIC, 2004 WL 5589736 *10 (S.D. Fla. Dec. 14, 2004) (quoting Irvine v. Cargill Investor Services, Inc., 799 F.2d 1461, 1464 (11th Cir. 1986)). To prove ratification, a party must show that the principal accepted the agent's conduct with "full knowledge of all material facts, *or that he was willfully ignorant, or purposely refrained from seeking information, or that he intended to adopt the unauthorized* act at all events, under whatever circumstances." Computel, Inc. v.

13

Emery Air Freight Corp., 919 F.2d 678 (11th Cir. 1990) (quoting Oxford Lake Line v. First Nat'l Bank of Pensacola, 40 Fla. 349, 359-60, 24 So. 480, 483 (Fla. 1898)(emphasis supplied)); Frankenmuth Mutual Ins. Co. v. Magaha, 769 So. 2d 1012, 1022 (Fla. 2000) (citation omitted)("An agreement is deemed ratified where the principal has full knowledge of all material facts and circumstances relating to the unauthorized act or transaction at the time of the ratification.").

"Ratification 'occurs when the benefits of the purportedly unauthorized acts are accepted with full knowledge of the facts under circumstances demonstrating the intent to adopt the unauthorized arrangement.'" Davenport Recycling Associates v. C.I.R., 220 F.3d 1255, 1261 (11th Cir. 2000) (applying New York law) (quoting Dayton Securities Associates v. Morgan Guaranty Trust Co. (In re The Securities Group), 926 F.2d 1051, 1055 (11th Cir. 1991) (applying New York law). In Computel, the Eleventh Circuit held that the party's "intent to ratify is a jury question not appropriately decided on summary judgment." Computel, 919 F.2d at 685; Frankenmuth Mutual Ins. Co. , 769 So. 2d at 1022 ("[T]he issue of whether an agent's act has been ratified by the principal is a question of fact.")(citation omitted)); Seyler v. Washington Mutual Bank, FA, Case No. 2:07-cv-772-FtM-29DNF, 2009 WL 4730554 at *3 (M.D. Fla. December 4, 2009) (denying summary judgment on grounds of ratification due to factual dispute); see Fulka v. Florida Commercial Banks, Inc., 371 So. 2d 521 (Fla. 3d DCA 1979) (affirming involuntary dismissal *at the conclusion of the plaintiff's case in a non-jury trial* because, as a matter of law, the plaintiff had, by her conduct, ratified the supposed forgeries). The facts in Fulka are different than the present case.  In Fulka, the appellate court explained

14

> [plaintiff's] own testimony **at trial** clearly demonstrates that she had no objection whatever to Okum's action and that it was perfectly all right with her for him to keep the funds during the course of their negotiations. In other words, Mrs. Fulka was looking only to Okum, the intended recipient of the money, for its eventual return hopefully with a profit as well. It was only several months later, when Okum perhaps predictably disappeared with the funds, that she claimed that someone else was responsible for the loss and began to pursue the bank which had supposedly converted "her" checks. The trial judge was entirely correct in concluding that this description of her own actions demonstrated conclusively that Mrs. Fulka had ratified the bank's improper payments.

Id.. at 523 (footnote omitted)(emphasis added).

Unlike Fulka, in the present case, Barbachano questioned SCBI about his authorization of the transaction and requested copies of his written directions, if any. Factual issues regarding his knowledge of the alleged unauthorized transaction(s) and his claims of negligence and breach of fiduciary duty, and the timing of his efforts to challenge them exist. Barbachano maintains that he did not authorize the transactions and that SCBI never produced any document evidencing his written directions for the transaction. Fulka was decided at the conclusion of the plaintiff's case in chief in a non-jury trial, not on a motion for summary judgment. Disputed issues of fact exist in the present case which preclude entry of summary judgment on the plaintiff's claims and the defendant's affirmative defense of ratification.

### V.  Questions of Fact Preclude Summary Judgment on the Breach of Fiduciary Duty and Negligence Claims

SCBI maintains that because it is not a party to the Trust Agreement or the Mirage Agreements, then Barbachano cannot impose duties or obligations arising from those agreements on SCBI for purposes of Barbachano's breach of fiduciary duty or negligence claims. SCBI Motion p. 17 (DE# 108, 7/2/13)  The Court agrees.

Barbachano had a personal account with SCBI.  Whether SCBI breached a fiduciary duty or was negligent in the alleged "unauthorized" transactions that are at issue in this action will be determined by the fact finder at trial.

**VI.    Conclusion**

Having found that no buyer/seller privity exists, the defendant is entitled to summary judgment on the plaintiff's FISPA claim (Count I).  Fact questions regarding the negligence and breach of fiduciary duty claims as well as the defendant's ratification defense exist, which preclude summary judgment on the remaining claims and defenses.  Accordingly, it is

ORDERED AND ADJUDGED that the Plaintiff's Motion for Summary Judgment and Memorandum of Law of Summary Judgment on Counts One, Two, and Three (DE# 106, 7/2/13) is DENIED and the Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law (DE# 108, 7/2/13) is GRANTED in part as to the plaintiff's FSIPA claim (Count I) and DENIED in part.

DONE AND ORDERED in Chambers at Miami, Florida, this **3rd** day of January, 2014.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel on record